WALTER F. BROWN, JR. (STATE BAR NO. 130248)
MELINDA HAAG (STATE BAR NO. 132612)
ERIC M. HAIRSTON (STATE BAR NO. 229892)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    415-773-5700
Facsimile:     415-773-5759

Attorneys for Defendant
LESTER W. HOGAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMON HILL, DENNIS CYRUS, JR., AQUIL H. PETERSON, LESTER W. HOGAN, STEVEN WILSON, DONALD ARMOUR, AND MISTER MEILLEUR,<br><br>Defendants. | Case No.  CR-05-0324 MMC<br><br>**NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE SEIZED ON JANUARY 4, 2001; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**<br><br>Date:       October 26, 2005<br>Time:       2:00 p.m.<br>Location:   Courtroom 7, 19th Floor<br>Judge:      The Hon. Maxine M. Chesney |

1   TO:   UNITED STATES OF AMERICA, PLAINTIFF; KEVIN V. RYAN, UNITED STATES

2   ATTORNEY; ANDREW M. SCOBLE AND PHILLIP J. KEARNEY, ASSISTANT

3   UNITED STATES ATTORNEYS; TO ALL DEFENSE COUNSEL OF RECORD:

4

5          PLEASE TAKE NOTICE that on October 26, 2005, at 2:00 p.m., in the courtroom

6   of the Honorable Maxine M. Chesney, or as soon thereafter as the matter may be heard, counsel

7   for Lester W. Hogan will, and hereby does, move this Court pursuant to Federal Rule of Criminal

8   Procedure 41(h) for an order to suppress evidence obtained in violation of the Fourth Amendment

9   of the United States Constitution.

10         This motion is based on this notice, the accompanying memorandum of points and

11  authorities, any further exhibits, pleadings and documents on file in this matter, and any

12  additional evidence and argument as may be presented at the hearing on this matter.

13                    **MEMORANDUM OF POINTS AND AUTHORITIES**

14  **I.    INTRODUCTION**

15         Lester Hogan is one of seven defendants charged in an indictment filed in the

16  Northern District of California on May 24, 2005.  Count One of the indictment alleges

17  participation by Mr. Hogan in a narcotics conspiracy in violation of 21 U.S.C. § 846.  Included

18  among the overt acts in which Mr. Hogan allegedly engaged in furtherance of this conspiracy is

19  the possession with intent to distribute 5.24 grams of cocaine base.  This charge arises out of a

20  warrantless arrest and subsequent search of Mr. Hogan conducted by officers of the San Francisco

21  Police Department on January 4, 2001.

22         Mr. Hogan hereby moves to suppress the fruits of the search and seizure of his

23  person on the grounds that the arrest and subsequent search of his person violated the Fourth

24  Amendment.  In the alternative, Mr. Hogan respectfully requests that an evidentiary hearing be

25  ordered in order to resolve any disputes of fact regarding the circumstances of the search.  At said

26  evidentiary hearing the government has the burden of showing that the warrantless search and

27  seizure of Mr. Hogan was reasonable.  *United States v. Carbajal,* 956 F. 2d 924, 930 (9th Cir.

28  1992).

DOCSSF1:839848.3
910704-2008

II.     **STATEMENT OF FACTS**

This recitation of facts is derived from the San Francisco Police Department Incident Report dated January 4, 2001, and provided by the government as part of the discovery in this matter.

On January 4, 2001, at approximately 11:35 a.m., San Francisco Police Department Officers Schlegle and Tang were traveling southbound on Webster Street in San Francisco, California. As the officers approached Rose Street they observed two black males standing on the corner. One of the individuals (later identified as Lester Hogan) turned and walked down Rose toward Buchanan Street. Officers Schlegle and Tang drove westbound on Rose, where they observed Mr. Hogan entering the Hayes Valley South apartment complex through a gated entrance. The officers exited their patrol car and asked Mr. Hogan if he lived in the apartment complex. Mr. Hogan continued walking and placed both of his hands into the waistband of his pants. Officer Schlegle then apprehended Mr. Hogan by his right arm and began to place him in handcuffs. After his right wrist was cuffed Mr. Hogan turned and attempted to break away from the officer, who forced Mr. Hogan to the ground and handcuffed him with the assistance of Officer Tang.

The officers transported Mr. Hogan to a location identified as "Co.E" for the purpose of "further investigation." The Incident Report then states that upon learning that Mr. Hogan was on parole from the California Department of Corrections, Officers Schlegle, Edison and Deely conducted a "parole search" of Mr. Hogan, during which a plastic baggie containing "one large rock" of suspected crack cocaine was recovered from Mr. Hogan's "rectum area", along with suspected powder cocaine from Mr. Hogan's right pants pocket.

III.    **ARGUMENT**

    A.    **The Warrantless Search and Seizure Of Mr. Hogan Was In Violation Of The Fourth Amendment**

The Fourth Amendment provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. Amend.

IV.   The "reasonableness" mandated by the Fourth Amendment generally requires law

enforcement officers to obtain a warrant supported by probable cause prior to such a search or

seizure. *Moreno v. Baca*, 400 F. 3d 1152, 1157 (9th Cir. 2005).

> **1.    The Police Detention Of Mr. Hogan Constituted A Warrantless Arrest For Purposes Of The Fourth Amendment Search And Seizure Analysis**

A warrantless arrest is reasonable under the Fourth Amendment only if police have

probable cause to believe that the arrestee has committed or is about to commit a crime at the

time of arrest. *See, United States v. Delgadillo-Velasquez*, 856 F. 2d 1292, 1296 (9th Cir. 1988).

Such probable cause must exist at the time of the arrest, information obtained during or after the

arrest in question cannot be used to retroactively establish the requisite probable cause for the

arrest itself. *Allen v. City of Portland,* 73 F. 3d 232, 236 (9th Cir. 1995).

The determination as to whether or not an arrest has occurred is undertaken "from

the perspective of the person seized." *Delgadillo-Velasquez*, at 1295.   There has been an arrest if,

under the circumstances, a reasonable person would conclude that he was not free to leave after

brief questioning. *Allen,* at 236, citing *Delgadillo-Velasquez*, at 1295-1296.   Handcuffed and

transported against his will to the police station, Mr. Hogan could not possibly have concluded

that he was free to leave and was anything other than under arrest.   Accordingly, Mr. Hogan was

arrested in a manner requiring probable cause by the police. See, *Dunaway v. New York*, 442

U.S. 200, 212 (1979) (finding an arrest where an individual was taken from a neighbor's home,

transported to a police station, and placed in a room for interrogation).

> **2.    The Facts As Set Forth In The Incident Report Do Not Demonstrate Probable Cause For Mr. Hogan's Arrest**

The Incident Report fails to demonstrate that the police had probable cause to

believe Mr. Hogan had committed or was about to commit a crime at the time of his arrest.

Consequently, the arrest of Mr. Hogan was in violation of his rights under the Fourth

Amendment.   The report indicates only that Mr. Hogan, in the middle of the day, turned and

walked down Rose Street and through a gated entrance to the Hayes Valley South apartments,

failed to respond to a question from Officer Schlegle, and "put both of his hands into the

1  waistband of his pants."   Nothing about this conduct gives rise to a sufficient basis for probable

2  cause to place Mr. Hogan under arrest.  In fact, nothing about this conduct gives rise even to

3  reasonable suspicion that criminal activity may be taking place.  Both the Ninth Circuit and the

4  U.S. Supreme Court have long recognized that an individual approached and questioned by a law

5  enforcement officer in a public place "need not answer any questions, and is legally free to ignore

6  the officer, or to walk away." *U.S. v. Woods,* 720 F. 2d 1022, 1026 (9th Cir. 1983).  Furthermore,

7  the simple failure of a citizen thus approached to respond to questions does not furnish reasonable

8  grounds for that individual to be detained "even momentarily." *Florida v. Royer,* 460 U.S. 491

9  (1983).  Mr. Hogan's failure to respond to the single question posed by Officer Schlegle, being

10  legally insufficient even to furnish reasonable grounds for a momentary detention, certainly

11  cannot give rise to probable cause to arrest Mr. Hogan, place him in handcuffs, and transport him

12  to the police station against his will.

13  **3.    The Search Of Mr. Hogan's Person Was Conducted In Violation Of**
        **The Fourth Amendment**

14  It is well settled that a proper search incident to arrest requires that the initial arrest

15  be lawful.  Absent a lawful arrest, the police may not justify a search of an individual on the

16  premise that it was conducted incident to arrest.  See, *United States v. Bulacan,* 156 F. 3d 963,

17  968-969 (9th Cir. 1998).  Accordingly, where, as here, the initial arrest was without probable

18  cause and in violation of the Fourth Amendment, all evidence obtained subsequent to Mr.

19  Hogan's arrest must be suppressed as fruit of the poisonous tree.

20  **4.    The Parole Search Was Conducted In Violation of Mr. Hogan's Rights**

21  The alleged parole search of Mr. Hogan was similarly conducted in violation of his

22  rights under the Fourth Amendment.  The mere fact that an individual is on parole does not give

23  the police *carte blanche* to stop or search that individual at will.  Parole "does not extinguish an

24  individual's reasonable expectation of privacy," nor does it, in and of itself, subject an individual

25  to invasive searches of his person following a warrantless arrest. *Moreno,* 400 F. 3d 1152, 1158,

26  citing *United States v. Knights,* 534 U.S. 112, 119 (2001).  As the Ninth Circuit noted in *Moreno,*

27  "whatever the extent of [a parolee's] Fourth Amendment rights, they clearly included the right to

28

1   walk along a public sidewalk unmolested by law enforcement." *Id.*, at 1160.

2      In *Moreno,* the Court held that the Constitution requires a law enforcement officer

3   to have "a reasonable suspicion that a parolee has engaged in criminal wrongdoing or violated his

4   parole prior to arresting him *or conducting a search of his person.*" 400 F. 3d 1152, at 1163

5   (emphasis added).  Reasonable suspicion has been described as a "particularized and objective

6   basis" for suspecting the person stopped of criminal activity.  *Moreno,* at 1165, citing *Illinois v.*

7   *Rodriguez,* 497 U.S. 177, 188 (1990).  Here, the Incident Report describes no such "particularized

8   and objective basis" for such suspicion.  In fact, the Incident Report provides no basis for

9   suspicion whatsoever.  It notes simply that the officers learned while Mr. Hogan was arrested that

10  he was on parole, and thus proceeded to conduct a "parole search" of his person.   As the officers

11  conducting the search lacked the requisite reasonable suspicion that Mr. Hogan had engaged in

12  criminal wrongdoing or violated his parole prior to the search, the parole search of Mr. Hogan

13  was thus conducted in violation of his rights under the Fourth Amendment.  All evidence

14  obtained as a result of this search, therefore, must be excluded from the case against Mr. Hogan.

15  **IV.** **CONCLUSION**

16     For the reasons stated, Mr. Hogan respectfully requests that the Court find that his

17  arrest and subsequent search on January 4, 2001 violated his rights under the Fourth Amendment

18  and accordingly suppress all evidence resulting from the search.  Alternatively, Mr. Hogan

19  requests an evidentiary hearing at which he may further develop the facts in support of his motion

20  to suppress.

21  Dated: October _l2_, 2005     WALTER F. BROWN, JR.
22                ERIC M. HAIRSTON
               Orrick, Herrington & Sutcliffe LLP
23

24

25              Walter F. Brown, Jr.
             Eric M. Hairston
26              Attorneys for Defendant
            LESTER W. HOGAN
27

28

DOCSSF1:839848.3         - 6 -    NOTICE AND MOTION FOR SEVERANCE FROM CO-
910704-2008               DEFENDANTS; MEMORANDUM OF P&As IN S
                     CR-05-0324 MMC